_____
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
_____

**LEE ABT, ESQUIRE**
Princeton Place
3747 Church Road, Suite 102
Mt. Laurel, New Jersey 08054
(856) 914-5100
ATTORNEY FOR DEBTOR
(LA 5525)

_____
_____

In Re:                                              Case No. 17-26093-JNP

**ELAINE A. TAYLOR,**                               Judge:  Jerrold N. Poslusny, Jr.

                                                    Chapter:    13
                    Debtors.
_____

## CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION TO:

____    **CREDITOR'S MOTION or CERTIFICATION OF DEFAULT**

**XX**    **TRUSTEE'S MOTION or CERTIFICATION OF DEFAULT**

The debtors in the above-captioned Chapter 13 proceeding hereby object to the following (choose one):

1.    _____ Motion for Relief from the Automatic Stay filed by _____ at ___.
          A hearing has been scheduled for ___ at ___ AM.
                                    **OR**
      **XXX** Motion to Dismiss filed by the Standing Chapter 13 Trustee.
          A hearing has been scheduled for 3/16/18 at 10:00 AM.

      _____ Certification of Default filed by _____, creditor.
           I am requesting a hearing be scheduled on this matter.

      _____ Certification of Default filed by Standing Chapter 13 Trustee.
          A hearing has been scheduled for _____ at ____ AM.

2.    Debtor is objecting to the above for the following reasons:

_____ Payments have been made in the amount of $_____ , but
      have not been accounted for.  Documentation in support is attached hereto.

**XXX    Trustee's motion states that Debtor's plan has two current problems: [1] City of Philadelphia filed a secured proof of claim on 11/13/17 for $3,589.59 that was not addressed in debtor's plan or is significantly higher than the amount proposed to be paid by the debtor in her plan.**

**The original plan as confirmed called for this claimant to be paid $630.00 in real estate tax arrears as of the 8/8/17 filing date of the case.**

**[2]  JP Morgan Chase Bank NA filed a secured proof of claim on 12/6/17 for $409.15 that was not addressed in debtor's plan or is significantly higher than the amount proposed to be paid by the debtor in her plan. This minor difference represents one monthly vehicle loan payment and a late charge that had not been received by this claimant as of the filing date that crossed with the filing of this case.  The original plan as confirmed called for no arrears to this claimant to be paid in the plan, as debtor thought she was current on her normal monthly vehicle payments to this claimant as of the 8/8/17 filing date of the case.**

**Since the full amounts of these two secured claims now need to be included in the plan, debtor has agreed to an adjustment of the plan payments in order to accommodate these two secured claims. This case was filed 8/8/17 and Debtor is 7 months into his plan.  Debtor's counsel calculates that over the 53 remaining months of the plan that begins 4/1/18, the new plan payment, inclusive of trustee commissions on the added secured amounts totaling $3,368.74 before commissions, would add about $71.00 per month to the debtor's plan payment starting 4/1/18 for the final 53 months of the plan, subject to trustee's agreement. Debtor requests that trustee approve this resolution of the trustee's motion to dismiss without the need for any appearances at the scheduled hearing of 3/16/18 at 10AM. Debtor states that she does not wish the Chapter 13 case to be dismissed and that she is able to afford the increased payment going forward. Thus, Debtor requests that the trustee: [a] not dismiss this case; and [b] allow this plan to go forward as proposed above.**

___ Other:  **N/A**_____

3. This certification is being made in an effort to resolve the issues raised by the Trustee in Trustee's pending motion.

4.  I certify  under penalty of perjury that the foregoing is true and correct.

Date:  3/9/18

/s/ Lee Abt
_____
LEE ABT, ESQUIRE, ATTORNEY FOR DEBTOR